PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline, the response to the Petition filed by the respondent, and various other motions.
On October 15, 1974, The Florida Bar filed its Complaint alleging:
COUNT I
“1. The Respondent, ROGER H. HARPER, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
“2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
“3. On or about November 3, 1971, the Respondent acting either individually or as an agent for his client, Albert R. Lee, loaned to Hemmerle Industries, Inc. $10,000 for 25 days, the amount of interest being $1,750.
“4. By making the aforementioned extension of credit and willfully and knowingly charging, taking or receiving interest at a rate exceeding forty-five percent (45%) per annum or the equivalent rate for a shorter period of time, The Respondent has committeed (sic) a felony in violation of Section 687.071(3) Florida Statutes, and he has violated Disciplinary Rules 1-102(A)(3) and (4), 5-104(A) and 7-102(A) (7) and (8) of the Code of Professional Responsibility and Rules 11.02(3) (a) and (b) of the Integration Rule of The Florida Bar.
COUNT II
“1. Complainant realleges the matter presented in paragraphs 1 and 2 of Count I.
“2. On or about December 7, 1972, the Respondent, acting either individually or as an agent for his client William Bin-zen, loaned $15,000 to Kenneth V. Hem-merle for a period of 60 days, the amount of interest being $2,600.
“3. By making the aforementioned extension of credit and willfully and knowingly charging, taking or receiving interest at a rate exceeding forty-five percent (45%) per annum or the equivalent rate for a shorter period of time, the Respondent has committed a felony in violation of Section 687.071(3) Florida Statutes, and he has violated Disciplinary Rules 1-102(A) (3) and (4), 5-104(A) and 7-102(A)(7) and (8) of the Code of Pro1 fessional Responsibility and Rules 11.-02(3) (a) and (b) of the Integration Rule of The Florida Bar.
COUNT III
“1. Complainant realleges the matters presented in paragraphs 1 and 2 of Count I.
“2. On or about December 29, 1972, The Respondent, acting either individually or as an agent for his client Albert R. Lee, loaned to Hemmerle Industries, Inc. $10,000 for 21 days with the amount of interest being $1,750.
“3. By making the aforementioned extension of credit and willfully and knowingly charging, taking or receiving interest at a rate exceeding forty-five percent (45%) per annum or the equivalent rate for a shorter period of time, the Respondent has committed a felony in violation of Section 687.071(3) Florida Statutes, and he has violated Disciplinary Rules 1-102(A) (3) and (4), 5-104(A) and 7- *400 102(A)(7) and (8) of the Code of Professional Responsibility and Rules 11.-02(3) (a) and (b) of the Integration Rule of The Florida Bar.
COUNT IV
“1. Complainant realleges the matters presented in paragraphs 1 and 2 of Count I.
“2. In April, 1973, Respondent undertook representation of Hemmerle Industries, Inc. in its legal dispute with Walter Kassuba Realty Corporation.
“3. Respondent undertook this representation despite the fact that Hemmerle Industries, Inc. was in default on the December 29, 1972 loan referred to in Count III made by the Respondent acting either individually or as an agent for his client Albert R. Lee.
“4. Respondent undertook the aforementioned representation of Hemmerle Industries, Inc. despite the fact that if collection was undertaken on the defaulted loan, the Respondent stood to either collect substantial attorney’s fees in the collection of the debt if he acted as Lee's agent and attorney, or if, in fact, the respondent made the loan individually he would have interests adverse to his client Hemmerle Industries, Inc.
“5. Respondent undertook the aforementioned representation despite the fact that Kenneth V. Hemmerle, a principal stockholder of Hemmerle Industries, Inc., was in default on the December 7, 1972 loan made by the Respondent acting either individually or as an agent for his client William Binzen.
“6. Respondent undertook the aforementioned representation of Hemmerle Industries, Inc. despite the fact that if collection was undertaken on the defaulted loan of December 7, 1972, the Respondent stood to either collect substantial attorney’s fees in the collection of the debt if he acted as Binzen’s agent and attorney, or if, in fact, the Respondent made the loan individually he would have interests adverse to his client Hem-merle Industries, Inc.
“7. By undertaking the representation of a client owing considerable sums to either himself or other clients, the Respondent violated Disciplinary Rules 5-101(A), 5-103 (A), 5-104(A) and 5-105(A) and (B) of the Code of Professional Responsibility and Rule 11.02(3) (a) of the Integration Rule.
COUNT V
“1. Complainant realleged the matters presented in paragraphs 1 and 2 of Count I.
“2. The Respondent, in April, 1973 was hired by Hemmerle Industries, Inc. to represent it in a legal dispute with Walter Kassuba Realty Corporation.
“3. At the time the Respondent was hired by Hemmerle Industries, Inc. he was in possession of 100 shares of its corporate stock as security for a loan made earlier to Hemmerle Industries, Inc. by either the Respondent or his client Albert R. Lee.
“4. The Respondent while negotiating with Walter Kassuba of Walter Kassuba Realty Corporation sold, without the knowledge, authority or consent of his client Hemmerle Industries, Inc., the 100 shares of Hemmerle Industries, Inc. stock he was holding as security to Walter Kassuba for $50,852.77.
“5. The proceeds from the sale of the Hemmerle Industries, Inc. stock was used to satisfy loans to Hemmerle Industries, Inc. and Kenneth V. Hemmerle by either the Respondent individually or his clients Albert R. Lee and William Bin-zen.
“6. The 100 shares of stocks of Hem-merle Industries, Inc. sold by the Respondent to Walter Kassuba represented *401 twenty per cent (20%) of the ownership in the closely held corporation.
“7. By reason of the sale of the stock of his client that he held in trust, the Respondent violated Rules 9-102(B)(2) (3) and (4), 5-101 (A), 5-103(A), 5-104 (A) and 5-105 (A) and (B) of the Code of Professional Responsibility and also Rules 11.02(3) (a) and (4) of the Integration Rule of The Florida Bar.”
The Respondent submitted a conditional guilty plea' to counts IV and V in exchange for not prosecuting him on the first three counts.
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Roger H. Harper, is hereby suspended for a period of six months with required proof of rehabilitation pursuant to Integration Rule 11.10(3), and it is further
Ordered that this suspension shall be effective July 25, 1975, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients, and it is further
Ordered that respondent shall pay the costs of these proceedings in the amount of $761.90.
ADKINS, C. J„ and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.